# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Thaddeus Bania,                                Civil No. 11-CV-925 (SRN/TNL)

          Petitioner,                          **ORDER**

v.

Wendy J. Roal, Warden,

          Respondent.

---

Thaddeus Bania, FPC-Duluth, P.O. Box 1000, Duluth, Minnesota 55814, Pro Se.

Ana H. Voss and Gregory G. Brooker, United States Attorney's Office, 300 S. Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondent.

---

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Tony N. Leung, dated October 21, 2011 [Doc. No. 11].  Petitioner filed timely objections to the R&R [Doc. No. 12].

      According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); see also Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review and for the reasons set forth below, the Court adopts the R&R.

## I.      BACKGROUND

      Petitioner Bania is currently an inmate incarcerated at the Federal Prison Camp in Duluth, Minnesota.  (Declaration of Angela Buege ("Buege Decl.") ¶ 3, Attach. A, Public Information Data

[Doc. No. 8].)  Bania is serving a 40-month sentence, followed by two years of supervised release for conspiracy to embezzle/steal property from a labor organization, theft from a labor organization, and mail fraud. (Id.)  He has a projected release date of November 28, 2012. (Id.)

On September 21, 2010, Bania requested that he be immediately transferred to a Residential Reentry Center ("RRC").  Pursuant to the Second Chance Act of 2007 ("SCA"), Bureau of Prisons ("BOP") unit staff reviewed the request and found that 150-180 days of RRC placement was appropriate and would allow Bania the greatest likelihood of successful reintegration into the community.  (Beuge Decl. ¶ 6, Attach. B, Review for RRC [Doc. No. 8].) Bania appealed the decision; however, his requests for immediate placement at an RRC were denied at each level of the BOP administrative remedies program. (Buege Decl. ¶ 7, Attach. C, Administrative Remedy Generalized Retrieval Data Form [Doc. No. 8].)

Bania filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus on April 14, 2011, challenging the BOP's RRC placement decision and the BOP's failure to provide incentives for skills development program participation.   The Petition originally asserted three claims: (1) that the unit team failed to engage in an individualized assessment using the five factors from 18 U.S.C. § 3621(b) when evaluating the RRC transfer request; (2) that the unit team incorrectly applied the limitation of 18 U.S.C. § 3624(c) to Program Statement 7310.04; and (3) that the BOP failed to provide prisoner incentives to participate in skills development programs as mandated under 42 U.S.C. § 17541(a)(1)(G).  (Petition, No. 9-Ground 1 [Doc. No. 1].)

In the R&R, Magistrate Judge Leung rejected Bania's arguments, finding that the BOP provided Bania with the individualized RRC placement determination required by the SCA and that the BOP appropriately provided an incentive for participation in skills development programs by simply considering an extended RRC placement.  In his Objection to the R&R, Bania takes

2

issue with the R&R's finding that "the BOP provides an incentive for skills participation programs

if it *considers* awarding longer RRC placement than it would award absent completion of a skills

development program."  (Pet'r Obj. at 4 [Doc. No. 12]) (quoting R&R at 14 [Doc. No. 11])

(emphasis in original).  Essentially, Petitioner argues that incentive awards are to be awarded in

addition to placement under 18 U.S.C. § 3621(b).  (Id.)  In his Objection, Bania requests that the

Court award the following relief:

> Order the Bureau of Prisons to: 1. Conduct an individual assessment regarding
> petitioner's request for immediate transfer to an RRC, and in order to comply with
> 18 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis
> and consider the particular circumstances of the individual prisoner, giving strong
> consideration to the issues under the heading BACKGROUND, Page 5 to page 8, in
> petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus
> pursuant to Title 28 U.S.C. Section 2241.  2. Award petitioner an incentive reward
> as offered by § 17541(a)(2)(A) and § 17541(a)(2)(B) for petitioner's participation in
> the skills development program independent of any RRC placement awarded under
> § 3621(b).

(Pet'r Obj. at 4-5 [Doc. No. 12].)

## II.    DISCUSSION

### A.    The BOP properly determined Bania's RRC placement.

As Magistrate Judge Leung found, the BOP correctly performed an individualized review

of Bania's request for an immediate transfer to an RRC.  The SCA mandates an individualized

evaluation of five factors when determining RRC placement for a federal prisoner: (1) the

resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the

history and characteristics of the inmate; (4) any statement by the sentencing court concerning the

purposes for which the sentence to imprisonment was determined to be warranted or

recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy

statement issued by the U.S. Sentencing Commission. 18 U.S.C. § 3621(b).  Bania maintains that

the assessment process was not individualized because the BOP failed to exercise its discretion and

consider his particular circumstances.  He contends that Section 3624(c) grants the BOP the

authority to place inmates in an RRC at any time during incarceration. (Pet'r Obj. at 1-2, 5 [Doc.

No. 12]).

As noted in the R&R, when considering a prisoner for RRC placement, it is not necessary

that the BOP perform a detailed analysis of the placement factors under the SCA.  Miller v.

Whitehead, 527 F.3d 752, 758 (8th Cir. 2008).  A brief analysis of the RRC placement factors,

performed in good faith, is sufficient to satisfy the requirements of the SCA.  Id.  Section 3624(c)

does not mandate prisoner placement in an RRC as Bania asserts, rather, it simply requires the

BOP to facilitate the prisoner's transition from the prison system.  Elwood v. Jeter, 386 F.3d 842,

847 (8th Cir. 2004).  The SCA allots a maximum amount of time a prisoner can be placed at an

RRC (12 months), but does not establish a minimum amount of time that a prisoner must spend at

an RRC. 18 U.S.C. § 3624(c)(1); see also Miller, 527 F.3d at 756.

Here, as detailed in the R&R, the record indicates that the BOP did in fact conduct an

appropriate individualized assessment as required by the SCA for RRC placement.[1]  The form

---

[1]  Unit staff completed the form "Review for Residential Reentry Center***Second
Chance Act of 2007***" upon Bania's request for pre-release RRC placement. (Buege Decl. ¶¶
4-6). The first paragraph of the form evaluated the factor "resources of the facility
contemplated." (Buege Decl. ¶ 4).  The form indicated that the following areas were considered
by the unit staff under this factor: "Job search, Transportation, Clothing assistance, Drivers
license [sic], Housing search, Drug/Alcohol aftercare, Medical Resources, Education Programs
and Mental Health aftercare programs." Id.  Listed under the heading of "Nature and
Circumstances of the Offense," the unit team noted "Conspiracy to Embezzle/Steal
property-Labor Organization." Id.  Under the category of  "History and Characteristics of the
Offender" the unit team indicated Bania's completion of "COLLEGE/HS" and "RPP
Participation" classes, his satisfactory work performance, limited disciplinary history, and the
lack of a prior record.  Pursuant to the heading, "Inmate has the Following Resources" the unit
staff concluded that Bania has appropriate family support,  specialized job skills, life skills,
financial resources, a residence, and community resources.  Id.  Finally, the unit team noted that

utilized by the BOP unit staff demonstrates that the necessary RCC placement factors of Section 3621(b) were sufficiently considered, as they were addressed during the evaluation process and an evaluation of the factors need not be detailed. Accordingly, Bania has failed to show that the BOP did not individually consider the five factors of Section 3621(b), or that the BOP acted in bad faith when evaluating those factors for an ultimate placement decision.

### B. Bania's claim that the BOP erred by not considering Program Statement 7310.04 (9) fails.

The R&R also properly found no grounds for habeas relief as to Bania's claim that the BOP violated its own Program Statement.  Bania asserts that pursuant to Program Statement 7310.04, the BOP must consider his "individual needs and existing community resources" when making an RRC placement decision.  (Pet'r Obj. at 2 [Doc. No. 12]).  Specifically, Bania argues that Program Statement 7310.04 (9) requires the unit team to consider his medical condition of neck cancer and his ability to assume full financial responsibility through Medicare coverage for his own health care expenses if transferred to an RRC. (Petition 5-8).  The Program Statement provides:

> Inmates with minor medical conditions or disabilities may also be considered for community placement. Inmates are required to assume financial responsibility for their health care while assigned to community programs. Such inmates must provide sufficient evidence to institution staff of their ability to pay for health care while at a [RCC] prior to the referral being made. When an inmate is unable or unwilling to bear the cost of necessary health care, the inmate shall be denied placement.

---

Bania was sentenced below the United States Sentencing Commission's guidelines of 97-121 months.  Id.  The Court notes, that the form did not include any evaluation of statements made by the sentencing court due to the fact that the court made no recommendation concerning Bania's RRC placement. Id.  After addressing the necessary factors, the unit team concluded that an RRC placement of 150-180 days was "of sufficient duration to provide the greatest likelihood of successful integration into the community" for Bania.  Id.

Program Statement 7310.04 (9)(4).

Bania's claim that the BOP neglected to consider this Program Statement during his evaluation for RRC placement fails on several grounds. First, the form completed by the BOP unit staff indicates that it did consider several medical factors when making an RRC placement decision. (Buege Decl. ¶ 4-6 [Doc. No. 8].)  Second, even assuming, arguendo, that the BOP did not engage in an evaluation of these medical considerations, when a BOP Program Statement is not mandated by statute, any deviation from that Program Statement does not constitute a violation of federal law.  Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011).  Program Statements are not substantive law; rather, the statements can be considered as BOP policies, guidelines or interpretive rules.  Id. (citing Jacks v. Crabtree, 114 F.3d 983, 985 n.1 (9th Cir. 1997)).  Accordingly, as found by Magistrate Judge Leung in the R&R, Bania's claim that the BOP violated Program Statement 7310.04 9(4) cannot be sustained in a habeas petition.

**C.    Bania is not automatically entitled to an incentive reward of the maximum allowable time for RRC placement.**

The Court finds that the R&R properly found that the BOP did not abuse its discretion with respect to an award of increased RRC placement as an incentive under 42 U.S.C. §17541(a)(1)(G). Bania asserts that the BOP violated 42 U.S.C. § 17541(a)(1)(G) by failing to provide the incentive of maximum time placement in an RRC for participating in skills development programs and requests that the Court "award petitioner an incentive reward. . . for petitioner's participation in the skills development program independent of any RRC placement awarded under § 3621(b)." (Pet'r Obj. at 4-5 [Doc. No. 12].).  Bania maintains that simply considering him for maximum placement in an RRC is not an incentive, due to the fact that he is already entitled to consideration for RRC placement under the factors of § 3621(b) of the SCA.   In his Objection, Bania argues, "The Court

6

tries in vain to co-mingle a request for additional RRC placement under § 17541(a)(2)(A) and § 17541(a)(2)(B) with RRC placement awarded under § 3621(b).  (Id. at 4.)  As recommended in the R&R, the Court rejects Bania's contention that the SCA requires that two separate considerations be conducted for each inmate seeking RRC placement.

Although not cited by Petitioner in support of his argument, the R&R acknowledged that the courts in Krueger, v. Martinez, 665 F. Supp.2d 477 (M.D. Pa. 2009), and Hill v.Scism, Civ. No. 3:CV-11-0080, 2011 WL 705354, *2-3 (M.D. Pa. Feb. 18, 2011) (following Krueger),  interpreted 42 U.S.C. § 17541 as creating an RRC placement incentive that was separate and distinct from the RRC placement procedures provided under 18 U.S.C. § 3624(c).  (R&R at 13 [Doc. No. 11].)  However, the R&R also recognized that other courts have found the Krueger decision to be flawed.  (Id.) (citing Crim v. Benov, No. 1:10-cv-01600-OWW-JLT HC, 2011 WL 1636867 at *8-9 (E.D. Cal. Apr. 29, 2011) (collecting cases).  This Court is not bound by the decision in Krueger, and, as Magistrate Judge Leung noted, respectfully finds its analysis unconvincing.

A plain language interpretation of this statute supports the BOP's contention that it has discretion to decide whether the maximum allowable period at an RRC can serve as an incentive.  See Crim, 2011 WL 1636867 at *8-9.  Maximum time allotment in an RRC is only one of several incentives listed that may be awarded at the discretion of the BOP, as the statute allows for the Director of the BOP to offer any other incentive "consider[ed] appropriate."  42 U.S.C. § 17541(a)(2)(A)-(B).  As noted in the R&R, the court in Crim found, "[a]lthough § 17541(a)(1)(G) appears to mandate that the BOP establish a reentry initiative that will 'provide incentives for prisoners participation in skills development programs' the form, manner and scope of such incentives is left entirely to the discretion of the BOP." Crim, 2011 WL 1636867 at *9.

Here, the BOP acknowledged that it considers "increased RRC placement" as an incentive

7

for participation in skills development program, but it performs this evaluation in conjunction with an examination of "the 18 U.S.C. § 3621(b), correctional and population management interests." (Petition, Attach. at 10 [Doc. No. 1].)   This process in no way violates § 17541, as the statute does not mandate that the BOP make maximum RRC placement an incentive for participating in skills development programs.  The Court disagrees with Bania that the BOP's consideration of increased RRC placement is no incentive at all.  No statutory requirement exists entitling Bania to a maximum RRC placement of twelve months.

For all of these reasons, as the R&R recommends, the court must dismiss Petitioner's claims with prejudice.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    Magistrate Judge Leung's Report and Recommendation [Doc. No. 11] is **ADOPTED**;

2.    The petition for a writ of habeas corpus [Doc. No. 1] is **DENIED**; and

3.    This action is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   May 23, 2012

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

8